UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANTHONY RAMOS,

                                  Plaintiff,

                 -against-

THE CITY OF NEW YORK and ALICE MURPHY,

                              Defendants.

------------------------------------------------------------------------ x

         **ANSWER OF DEFENDANTS THE CITY OF NEW YORK AND POLICE OFFICER ALICE MURPHY**

         **07 Civ. 8053 (RJH)**

         **Jury Trial Demanded**

Defendants, The City of New York and Alice Murphy ("Defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for an answer to plaintiff's Complaint ("Complaint"), respectfully allege, upon information and belief, as follows:

## I. INTRODUCTION

1.       Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

2.       Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

3.       Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

## II. JURISDICTION

4.       Deny the allegations set forth in paragraph "4" of the Complaint, except admit that the plaintiff purports to invoke the jurisdiction of the Court as stated therein.

5.       Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

6.    Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court s stated therein.

7.    Deny the allegations set forth in paragraph "7" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

## III. THE PARTIES

8.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9.    Deny the allegations set forth in paragraph "9" of the Complaint, except admit that the City of New York is a municipal corporation and that it maintains a police department.

10.    Deny except admit that Alice Murphy is a New York City Police Officer, Shield #31248, and that the allegations sued upon herein by the plaintiff occurred, upon information and belief, while she was in the course of her duties as a NYPD Officer.

## IV. ALLEGATIONS

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint, except admit that plaintiff was arrested on June 10, 2007.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36.     Admit that the plaintiff was handcuffed and processed following his arrest. Deny the remainder of the allegations contained in paragraph "36" of the Complaint.

37.    Admit that the plaintiff was processed following his arrest.   Deny the remainder of the allegations set forth in paragraph "37" of the Complaint.

38.    Admit that the plaintiff was processed following his arrest.   Deny the remainder of the allegations set forth in paragraph "38" of the Complaint.

39.    Admit that the plaintiff was processed following his arrest.   Deny the remainder of the allegations set forth in paragraph "39" of the Complaint.

40.    Deny the allegations contained within paragraph "40" of the Complaint.

41.    Deny the allegations set forth in paragraph "41" of the Complaint.

42.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint.

43.    Admit that the plaintiff was charged with violating Sections 240.10 (Unlawful Assembly) and 240.20(1) (Disorderly Conduct) of the New York Penal Law, otherwise deny the allegations set forth in paragraph "43" of the Complaint.

44.    Deny the allegations set forth in paragraph "44" of the Complaint.

45.    Deny the allegations contained within paragraph "45" of the Complaint.

46.    Deny the allegations contained within paragraph "46" of the Complaint.

47.    Deny the allegations set forth in paragraph "47" of the Complaint.

48.    Deny the allegations set forth in paragraph "48" of the Complaint.

49.    Deny the allegations set forth in paragraph "49" of the Complaint.

50.    Deny the allegations set forth in paragraph "50" of the Complaint.

51.    Deny the allegations set forth in paragraph "51" of the Complaint, except admit that individuals were handcuffed.

52.    Deny the allegations set forth in paragraph "52" of the Complaint, except admit that plaintiff was not issued a Desk Appearance Ticket or a Summons.

53.    Deny the allegations set forth in paragraph "53" of the Complaint.

54.    Deny the allegations set forth in paragraph "54" of the Complaint.

55.    Deny the allegations set forth in paragraph "55" of the Complaint.

56.    Deny the allegations set forth in paragraph "56" of the Complaint.

57.    Deny the allegations set forth in paragraph "57" of the Complaint.

58.    Deny the allegations set forth in paragraph "58" of the Complaint.

59.    Deny the allegations set forth in paragraph "59" of the Complaint.

60.    Deny the allegations set forth in paragraph "60" of the Complaint.

61.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Complaint.

62.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the Complaint, except deny that plaintiff suffered any compensable injury as a result of the defendants' actions.

63.    Deny the allegations set forth in paragraph "63" of the Complaint.

## V. CAUSES OF ACTION

### A. FIRST CAUSE OF ACTION

64.    In response to the allegations set forth in paragraph "64" of the complaint, defendants repeat and reallege each and every of their responses to paragraphs "1" through "63" of the Complaint as if fully set forth herein.

65.    Deny the allegations set forth in paragraph "65" of the Complaint,

66.    Deny the allegations set forth in paragraph "66" of the Complaint.

## B. SECOND CAUSE OF ACTION

67.     In response to the allegations set forth in paragraph "67" of the complaint, defendants repeat and reallege each and every of their responses to paragraphs "1" through "66" of the Complaint as if fully set forth herein.

68.     Deny the allegations set forth in paragraph "68" of the Complaint.

69.     Deny the allegations set forth in paragraph "69" of the Complaint.

## C. THIRD CAUSE OF ACTION

70.     In response to the allegations set forth in paragraph "70" of the complaint, defendants repeat and reallege each and every of their responses to paragraphs "1" through "69" of the Complaint as if fully set forth herein.

71.     Deny the allegations set forth in paragraph "71" of the Complaint.

72.     Deny the allegations set forth in paragraph "72" of the Complaint.

## D. FOURTH CAUSE OF ACTION

73.     In response to the allegations set forth in paragraph "73" of the complaint, defendants repeat and reallege each and every of their responses to paragraphs "1" through "72" of the Complaint as if fully set forth herein.

74.     Deny the allegations set forth in paragraph "74" of the Complaint.

75.     Deny the allegations set forth in paragraph "75" of the Complaint.

## E. FIFTH CAUSE OF ACTION

76.     In response to the allegations set forth in paragraph "76" of the complaint, defendants repeat and reallege each and every of their responses to paragraphs "1" through "75" of the Complaint as if fully set forth herein.

77.     Deny the allegations set forth in paragraph "77" of the Complaint.

78.     Deny the allegations set forth in paragraph "78" of the Complaint.

## F. SIXTH CAUSE OF ACTION

79.     In response to the allegations set forth in paragraph "79" of the complaint, defendants repeat and reallege each and every of their responses to paragraphs "1" through "78" of the Complaint as if fully set forth herein.

80.     Deny the allegations set forth in paragraph "80" of the Complaint.

81.     Deny the allegations set forth in paragraph "81" of the Complaint.

## G. SEVENTH CAUSE OF ACTION

82.     In response to the allegations set forth in paragraph "82" of the complaint, defendants repeat and reallege each and every of their responses to paragraphs "1" through "81" of the Complaint as if fully set forth herein.

83.     Deny the allegations set forth in paragraph "83" of the Complaint.

84.     Deny the allegations set forth in paragraph "84" of the Complaint.

## H. EIGHTH CAUSE OF ACTION

85.     In response to the allegations set forth in paragraph "85" of the complaint, defendants repeat and reallege each and every of their responses to paragraphs "1" through "84" of the Complaint as if fully set forth herein.

86.     Deny the allegations set forth in paragraph "86" of the Complaint.

87.     Deny the allegations set forth in paragraph "87" of the Complaint.

## I. NINTH CAUSE OF ACTION

88.     In response to the allegations set forth in paragraph "88" of the complaint, defendants repeat and reallege each and every of their responses to paragraphs "1" through "87" of the Complaint as if fully set forth herein.

89.    Deny the allegations set forth in paragraph "89" of the Complaint.

90.    Deny the allegations set forth in paragraph "90" of the Complaint.

## J. TENTH CAUSE OF ACTION

91.    In response to the allegations set forth in paragraph "91" of the complaint, defendants repeat and reallege each and every of their responses to paragraphs "1" through "90" of the Complaint as if fully set forth herein.

92.    Deny the allegations set forth in paragraph "92" of the Complaint.

93.    Deny the allegations set forth in paragraph "93" of the Complaint.

## K. ELEVENTH CAUSE OF ACTION

94.    In response to the allegations set forth in paragraph "94" of the complaint, defendants repeat and reallege each and every of their responses to paragraphs "1" through "93" of the Complaint as if fully set forth herein.

95.    Deny the allegations set forth in paragraph "95" of the Complaint.

96.    Deny the allegations set forth in paragraph "96" of the Complaint.

## L. TWELFTH CAUSE OF ACTION

97.    In response to the allegations set forth in paragraph "97" of the complaint, defendants repeat and reallege each and every of their responses to paragraphs "1" through "96" as if fully set forth herein.

98.    Deny the allegations set forth in paragraph "98" of the Complaint.

99.    Deny the allegations set forth in paragraph "99" of the Complaint.

## M. THIRTEENTH CAUSE OF ACTION

100.    In response to the allegations set forth in paragraph "100" of the complaint, defendants repeat and reallege each and every of their responses to paragraphs "1" through "99" as if fully set forth herein.

101.    Deny the allegations set forth in paragraph "100" of the Complaint.

102.    Deny the allegations set forth in paragraph "101" of the Complaint.

## N. FOURTEENTH CAUSE OF ACTION

103.    In response to the allegations set forth in paragraph "103" of the complaint, defendants repeat and reallege each and every of their responses to paragraphs "1" through "102" as if fully set forth herein.

104.    Deny the allegations set forth in paragraph "104" of the Complaint.

105.    Deny the allegations set forth in paragraph "105" of the Complaint.

106.    Deny the allegations set forth in paragraph "106" of the Complaint.

## O. FIFTEENTH CAUSE OF ACTION

107.    In response to the allegations set forth in paragraph "107" of the complaint, defendants repeat and reallege each and every of their responses to paragraphs "1" through "106" as if fully set forth herein.

108.    Deny the allegations set forth in paragraph "108" of the Complaint.

109.    Deny the allegations set forth in paragraph "109" of the Complaint.

## P. SIXTEENTH CAUSE OF ACTION

110.    In response to the allegations set forth in paragraph "110" of the complaint, defendants repeat and reallege each and every of their responses to paragraphs "1" through "109" as if fully set forth herein.

111.    Deny the allegations set forth in paragraph "111" of the Complaint.

112.    Deny the allegations set forth in paragraph "112" of the Complaint.

## Q. SEVENTEENTH CAUSE OF ACTION

113.    In response to the allegations set forth in paragraph "113" of the complaint, defendants repeat and reallege each and every of their responses to paragraphs "1" through "112" as if fully set forth herein.

114.    Deny the allegations set forth in paragraph "114" of the Complaint.

115.    Deny the allegations set forth in paragraph "115" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

116.    The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

117.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have the defendants violated any act of Congress for providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

118.    At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, Defendant City of New York is entitled to governmental immunity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

119.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

120.    There was probable cause for plaintiff's arrests and/or detentions.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

121.    Defendant Alice Murphy is immune from liability under the doctrine of qualified immunity.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

122.    Any injuries alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and was not the proximate result of any act of the defendants.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

123.    At all times relevant to the acts alleged in the Complaint, defendant Alice Murphy acted reasonably in the proper and lawful exercise of her discretion.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE:

124.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

125.    Plaintiff has failed to comply with all conditions precedent to suit.

**WHEREFORE,** defendants request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                December 3, 2007

                                            MICHAEL A. CARDOZO
                                            Corporation Counsel of the
                                            City of New York
                                            Attorney for Defendants
                                            100 Church Street, Room 3-190
                                            New York, New York  10007
                                            (212) 788-0786

                                    By:     _____
                                            Michael K. Gertzer
                                            Assistant Corporation Counsel


TO:     James I. Meyerson, Esq.
        Attorney for Plaintiff
        64 Fulton Street, Suite 502
        New York, New York  10038
        (212) 226-3310